**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 17-cv-61150-DIMITROULEAS/Snow**

BRIAN FELDMAN AND DANIEL
DICKERSON, individually and on behalf
of a class of similarly situated individuals,

    Plaintiffs,

vs.

BRP US, INC., a BOMBARDIER
RECREATIONAL PRODUCTS, INC.
and BRP, INC.,

    Defendant.
_____/

## FINAL JUDGMENT AND ORDER APPROVING SETTLEMENT

This matter came before the Court for hearing on the joint motion of the settling Parties for final approval of the Settlement set forth in the Stipulation and Settlement Agreement dated July 20, 2018 (the "Agreement" or "Settlement") [DE 58-1]. The Court held a Fairness Hearing on the Settlement on November 16, 2018. Counsel for both sides appeared. Defendants did not oppose the motion for final approval of class action settlement.

On August 13, 2018, this Court entered the Preliminary Approval Order [DE 64], preliminarily approving the Settlement, directing that notice of the proposed Settlement be given to the Class, and giving notice of a hearing ("Fairness Hearing") to determine whether the proposed Settlement should be approved as fair, adequate and reasonable, to approve the payment of attorneys' fees and expenses to Plaintiffs' counsel and incentive awards to the Class Representatives, and to address any objections thereto. Prior to the Fairness Hearing, proof of

notice and a sworn statement listing the persons who have timely filed Exclusions Requests has been filed by the Claims Administrator as directed in the Court's Preliminary Approval Order.

Class Members were given notice and the opportunity to file objections or file Exclusion Requests from the Class before the Objection/Exclusion Deadline Date stated in the Notice. Members of the Class were also notified of their rights to appear at the Fairness Hearing in support of or in opposition to the proposed Settlement and/or the award of attorneys' fees and reimbursement of expenses, and procedures governing the opt-out process and the objection process were entered by way of the Court's Preliminary Approval Order. Due and adequate notice of the Settlement having been given as required in the Order, and the Court being otherwise fully advised,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1. The Court has personal jurisdiction over the Plaintiffs and all Class Members and subject matter jurisdiction over the claims of Plaintiffs and of the Class Members.

2. The Motion for Final Approval is **GRANTED**. The Agreement is hereby incorporated by reference in this Order and all terms defined in the Agreement will have the same meanings in this Order.

3. The Agreement and each and every provision thereof, shall be deemed incorporated herein as if explicitly set forth and shall have the full force and effect of an order and judgment of this Court.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally approves the Settlement set forth in the Agreement, and the Exhibits thereto, and approves the Notice plan and relief provided in the Settlement. This Court further finds the Settlement set forth in the Agreement is the result of arms' length negotiations between experienced counsel representing the interests of the Plaintiffs, Class Members, and Defendant BRP.

5. Pursuant to the Agreement setting forth the terms and conditions of the proposed settlement, this Court's Preliminary Approval Order, and Federal Rule of Civil Procedure 23(c), the Court orders that the following persons are Class Members for purposes of the Settlement only:

> All current and former owners of the Subject Watercraft purchased in the state of Florida, New York, New Jersey, and Texas.
>
> Excluded from the Class are: (1) Defendants, any entity or division in which Defendant has a controlling interest, and its legal representatives, officers, directors, assigns, and successors; and (2) the Judge to whom this case is assigned.

6. For settlement purposes only, with respect to the above-defined Class, the Court finds Plaintiffs meet all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3). The Court finds, (a) the above-described Class is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the above-described Class; (c) the claims of the Plaintiffs are typical of the claims of the above-described Class; (d) Plaintiffs and Class Counsel will fairly and adequately protect the interests of the above-described Class, and have done so as evidenced by their actions and work in this case; (e) questions of law or fact common to the members of the above-described Class predominate over the questions affecting only individual Class Members; and (f) certification of the above-described Class for purposes of the Settlement is superior to other available methods for the fair and efficient adjudication of the Actions.

7. The Court further finds that the Class Notice and the notification of the Settlement to the above-defined Class Members, (a) constitute the best practicable notice; (b) constitute notice that is reasonably calculated to apprise Class Members of the pendency of the Actions, their rights to object or exclude themselves from the proposed Settlement and their rights to appear at the final approval hearing; (c) was reasonable and constitutes due, adequate and sufficient notice to all persons entitled to receive notice; and (d) meets all applicable requirements of the Due Process Clause, the United States Constitution, Federal Rule of Civil Procedure 23, and any other applicable law.

8. The Court further finds the relief provided under the proposed Settlement constitutes a fair, adequate and reasonable remedy. The proposed Settlement is fair and in

compliance with all applicable requirements of the United States Constitution (including the Due Process Clause), and any other applicable law, and in the best interests of each of the parties and the Class Members. BRP shall provide the relief called for in the Agreement.

9. The Parties and their counsel are directed to implement and consummate the Settlement in accordance with the terms and conditions of the Agreement. The Settlement is binding on Plaintiffs and all Class Members (other than those who have timely requested exclusion). Any objections to the Settlement are hereby overruled.

10. The one individual indicated in Exhibit A hereto who timely requested exclusion from the Class and the Settlement shall neither be subject to the terms of the Settlement nor participate in the Settlement nor receive any benefits provided under the Settlement nor are they bound by this Final Judgment.

11. Plaintiffs and each and every Class Member, are permanently barred and enjoined from asserting against any of the Released Parties, all claims, demands, rights, liabilities, and causes of action, whether sounding in tort, contract, or equity, any state's unfair competition or consumer protection law, or any other statute, code, or law of any state or jurisdiction, and whether for compensatory damages, economic damages, restitution, penalties, incidental or consequential damages, damages for lost profits, loss of use, or interruption of business, attorneys' fees or any other relief, arising from or in any way related to (a) the design, manufacture, advertising or other representations, sale, installation, performance or non-performance, operation or non-operation, maintenance, or retrofitting of the Resonator, (b) the Resonator Defect, and (c) Watercraft Damage.

12. All Released Claims, as defined in the Agreement, are hereby extinguished. Except as to the individual claim indicated in Exhibit A hereto, all of the Released Claims are dismissed with prejudice. The Parties are to bear their own costs, except as otherwise provided in the Agreement.

13. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction of (a) implementation of this Settlement and any relief provided in the

4

Settlement; and (b) all Parties thereto for the purpose of construing, enforcing, and administering the Settlement.

14.     This Judgment shall not be deemed: (a) an admission or concession by BRP of any actual or potential fault, omission, liability or wrongdoing, or (b) a judicial finding or determination of the validity or invalidity of any claims in the Action or of any wrongdoing by defendant.

15.     The Court also finds that the proposed incentive awards of Class Representatives Dickerson and Feldman in the sum of $10,000.00 each, and Class Representatives Dunn and Lombardi the sum of $2,500.00 each, is appropriate, reasonable in amount, and not excessive given the amount of time and effort the representatives have devoted to the prosecution of this Action for the benefit of absent Class Members; and the Court gives its final approval to those proposed awards. BRP shall pay these awards as called for in the Agreement.

16.     The Court, after considering the briefing, arguments, and materials filed by Class Counsel in support of Class Counsel's Application for Award of Attorneys' Fees and Expenses [DE 68] also finds that an award of attorneys' fees and costs in the cumulative amount of $975,000 is fair, reasonable, and not excessive, in light of counsel's experience, qualifications, time and effort devoted to the case.  BRP shall pay these awards as called for in the Agreement.

17.     The Clerk is directed to CLOSE this case and DENY AS MOOT any pending motions.

**DONE AND ORDERED** this 16th day of November, 2018.

*[signature]*
WILLIAM P. DIMITROULEAS
United States District Judge

# EXHIBIT A
(to Final Judgment)



10/18/18

Ricardo Marcos

I hereby exercise my right to be excluded from the Settlement in Feldman, et. al. ✓ BRP US. Inc., CASE NO. 17-cv-61150.

Ricardo Marcos

tel



Sea Doo Resonator Settlement
c/o Claims Administrator
P.O. Box 58069
Philadelphia, PA 19102-8069

1910238069 B101

Ricardo Marcos